UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH J. TORRES-KUROWSKI,

                Plaintiff,

  v.                                                               Case No. 25-cv-1469-pp

BRENNA SCHMITT, *et al.*,

                Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Kenneth J. Torres-Kurowski, who is incarcerated at Fox Lake Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On September 26, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $71.16. Dkt. No. 5. The court received $150 on October 2, 2025. The court received the balance of the filing fee on November 12, 2025. Dkt. No. 8. Because the plaintiff has paid the full filing fee, the court will deny as unnecessary his motion for leave to proceed without prepaying the filing fee.

## II.    Screening the Complaint

### A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that he was unlawfully incarcerated for 126 days. Dkt. No. 1 at 5. He states that defendant Brenna Schmitt, who works in the records department at Fox Lake Correctional Institution, and Jane Does 1-2, who work in records at Dodge Correctional Institution, disregarded the plaintiff's notifications that he was serving time on a revocation order that he already had served. Id. at 2.

The plaintiff alleges that when he was at Dodge from August 31, 2022 to October 31, 2022, he notified "Records" that he already had served his sentence, through his original judgment of conviction and information. Id. The

3

plaintiff states that his request to the records department and judgment of conviction were "lost". Id. Jane Doe 1 and 2 allegedly disregarded the plaintiff's inquiries about the request form he submitted. Id. at 2-3.

The plaintiff states that he was transferred to Fox Lake Correctional Institution on October 31, 2022, at which time he sent a request to the records department for a file review. Id. at 3. He allegedly talked to defendant Brenna Schmitt and showed her where she had "messed up his sentence structure." Id. The plaintiff states that in December 2022, he received the court minutes from his sentencing transcript and when he showed them to Schmitt, she apologized. Id. Schmitt allegedly told the plaintiff to notify his sentencing judge, to have him contact her immediately and that the plaintiff would be released. Id. The plaintiff states that he contacted the court, but that he was ignored. Id. Schmitt allegedly then contacted the Brown County Circuit Court and expressed her mistake to the judge. Id. The court allegedly ordered the plaintiff's immediate release on December 27, 2022, and he was released on January 4, 2023. Id.

The plaintiff seeks damages for the 126 days of imprisonment. Id. at 5. He also requests that the Department of Corrections allow file reviews once a month instead of once every six months, if there is good reason. Id.

C. Analysis

The plaintiff named as defendants the Wisconsin Department of Corrections and Fox Lake Correctional Institution. Fox Lake is one of a number of institutions within the Department of Corrections. "[S]tates and their

4

agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." Johnson v. Supreme Court of Ill., 165 F.3d 1140, 1141 (7th Cir. 1999). This means that "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant." Andreola v. Wisconsin, 171 F. App'x 514, 515 (7th Cir. 2006). Because they are not "persons" subject to suit under §1983, the court will dismiss Fox Lake Correctional Institution and the Wisconsin Department of Corrections as defendants.

"[I]ncarceration beyond the date when a person is entitled to be released" implicates the plaintiff's rights under the Eighth Amendment if it is the product of deliberate indifference. Peoples v. Cook County, 128 F.4th 901, 907 (7th Cir. 2025) (quoting Figgs v. Dawson, 829 F.3d 895, 902 (7th Cir. 2016)); see also Burke v. Johnson, 452 F.3d 665, 669 (7th Cir. 2006) ("[W]e agree that incarceration after the time specified in a sentence has expired violates the Eighth Amendment if it is the product of deliberate indifference."). "Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." Peoples, 128 F.th at 909 (quoting Figgs, 829 F.3d at 903).

The plaintiff allegations that Schmitt and Jane Does 1-2 disregarded his notifications that he was incarcerated beyond the term of his sentence implicate his rights under the Eighth Amendment. He may proceed against them in their individual capacities.

5

The plaintiff did not name Jane Does 1-2 in the caption of the complaint, but it is clear from the complaint that the plaintiff intends to sue them. See Dkt. No. 1 at 2. The court will direct the clerk's office add them as defendants. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 555–56 (7th Cir. 1996) (instructing that courts are charged with assisting *pro se* litigants who state allegations against individuals not necessarily named in the caption of their complaint). After the court issues a scheduling order, the plaintiff will need to use discovery to identify the real names of the Jane Doe defendants.

### III. Conclusion

The court **DENIES AS UNNECESSARY** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Fox Lake Correctional Institution and Wisconsin Department of Corrections.

The court **DIRECTS** the clerk's office to update the case caption and add Jane Does 1-2 as defendants.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Brenna Schmitt. Under the informal service agreement, the court **ORDERS** defendant Brenna Schmitt to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 29th day of December, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**