UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KENNETH J. TORRES-KUROWSKI,

Plaintiff,

v.                                                    Case No. 25-cv-1469-pp

BRENNA GIZELBACH and JANE DOES 1-2,

Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 16)**

---

Plaintiff Kenneth J. Torres-Kurowski, who is incarcerated at Fox Lake Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim against defendants Brenna Gizelbach (sued as Brenna Schmitt) and Jane Does 1-2 based on allegations that they disregarded notifications that he was incarcerated beyond the term of his sentence. Dkt. No. 9 at 5. The plaintiff has filed a motion asking the court to appoint him counsel. Dkt. No. 16. This order addresses that motion.

The plaintiff states that he cannot afford a lawyer and that his imprisonment will greatly limit his ability to litigate the case. Id. at 1. He says that his prison doesn't have e-filing and that he has difficulty affording "certified correspondence." Id. The plaintiff also says that the complexities of this case are beyond his comprehension. Id. at 1-2. The plaintiff states that he has a history of mental illness, including post-traumatic stress disorder, manic

1

depression, attention deficit disorder and suicide attempts. Id. at 2. He also says that he is being tested for narcolepsy, and he attaches institution records that support this. Id. The plaintiff says that he tried to find a lawyer on his own. Id. He includes a list of the names of lawyers he contacted and says that he did not receive any response. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869,

2

871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

3

The plaintiff has satisfied the first requirement for appointment of counsel. His filings show that he made a reasonable attempt to find a lawyer on his own. Dkt. No. 16-1 at 6. But the plaintiff's filings also show that he is capable of engaging in discovery and responding to a motion for summary judgment. His claim is not complex—he says that the defendants ignored the information he provided them showing that he had served his sentence—and in his complaint, he clearly described his version of the events giving rise to his claim. Although the plaintiff says that he has a history of mental health issues, his clear and concise filings to date show that he can advocate for himself, at least at this early stage of the case. If the plaintiff needs more time to submit a filing, he may file a motion for an extension of time before the deadline at issue expires. Because it concludes that the plaintiff can represent himself at this stage, the court will deny without prejudice his motion to appoint counsel. If the case becomes to complicated for the plaintiff to handle at some future point, he may file another motion seeking appointment of counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's request for counsel. Dkt. No. 22.

Dated in Milwaukee, Wisconsin this 3rd day of April, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4