UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KENNETH J. TORRES-KUROWSKI,

Plaintiff,

v. Case No. 25-cv-1469-pp

BRENNA GIZELBACH, *et al.*,

Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 25), DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE OVERSIZED BRIEF (DKT. NO. 40), DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 41), GRANTING PLAINTIFF'S MOTION FOR ASSISTANCE IDENTIFYING DOE DEFENDANTS (DKT. NO. 42), DENYING AS MOOT DEFENDANT'S MOTION TO STAY DISPOSITIVE MOTION DEADLINE (DKT. NO. 43), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO IDENTIFY DOE DEFENDANTS (DKT. NO. 44), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO SUMMARY JUDGMENT (DKT. NO. 44) AND DENYING AS MOOT PLAINTIFF'S MOTION TO FILE SUR-REPLY (DKT. NO. 51)**

---

Plaintiff Kenneth J. Torres-Kurowski, who is incarcerated at Fox Lake Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim against defendants Brenna Gizelbach (sued as Brenna Schmitt) and Jane Does 1-2 based on allegations that they disregarded notifications that he was incarcerated for 126 days beyond the term of his sentence. Dkt. No. 9 at 5. This order denies without prejudice the defendant's motion for summary judgment on exhaustion grounds, dkt. no. 25,

addresses several non-dispositive motions the plaintiff has filed, dkt. nos. 40, 41, 42, 44, 51, and sets a deadline for the defendant to identify Jane Does 1 and 2.

## I. Plaintiff's Motion to File Oversized Brief (Dkt. No. 40)

The plaintiff filed a motion for leave to file an oversized response brief in opposition to the defendant's motion for summary judgment on exhaustion grounds. Dkt. No. 40. On September 3, 2026, the plaintiff filed his response brief, and it is only seven pages long. Dkt. No. 46. The brief does not exceed the thirty-page limit set forth in the court's Local Rules. See Civil Local Rule 56(b)(8) (E.D. Wis.). The court will deny the plaintiff's motion as moot.

## II. Plaintiff's Motion to Amend Complaint (Dkt. No. 41)

The plaintiff has filed a request for leave to amend his complaint to add Honorable Donald Zuidmulder as a defendant. Dkt. No. 41. The plaintiff asserts that Judge Zuidmulder unlawfully extended the terms of the plaintiff's bifurcated sentence for Brown County Case Number 15CM718 by almost two years and four days before the maximum discharge of the original sentence. Id. The plaintiff contends that Zuidmulder's actions violated the Fifth Amendment's double jeopardy clause and the Fourteenth Amendment's due process clause. Id. at 1-2. The defendant responds that the court should deny the plaintiff's motion because it is time-barred under Federal Rule of Civil Procedure 15(a), the court already has received evidence showing that the plaintiff has not exhausted any claim against Judge Zuidmulder or any other

prospective party and the newly-raised claims appear to be barred under absolute judicial immunity. Dkt. No. 43 at 3-4.

A plaintiff may file an amended complaint once as a matter of course within twenty-one days after serving it, or within twenty-one days after the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). The plaintiff filed his motion to amend on August 17, 2026, almost six months after the defendant's February 27, 2026 answer to the complaint, dkt. no. 13. So he now may amend the complaint only with the defendant's consent or with the court's permission. Fed. R. Civ. P. 15(a)(2). Leave to amend a pleading should be freely given "when justice so requires." Id. The decision regarding whether to allow the amendment is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Id. at 182.

The plaintiff did not file a proposed amended complaint to accompany his motion, which is required by the court's Local Rules. See Civil L.R. 15(a) ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."). Even if the plaintiff had complied with the rule and filed his proposed amended complaint, Judge Zuidmulder is entitled to absolute judicial immunity for his sentencing decisions in the

plaintiff's criminal case. See Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011); see also Dawson v. Newman, 419 F.3d 656, 660-61 (7th Cir. 2005). It would be futile to allow the plaintiff to amend the complaint regarding his allegations against Judge Zuidmulder. The court will deny the plaintiff's motion to amend.

## III. Plaintiff's Motion for Assistance Identifying Does (Dkt. No. 42) and Plaintiff's Motion for Extension of Time (Dkt. No. 44)

The plaintiff has filed a request for assistance in identifying Jane Does 1 and 2. Dkt. No. 42. He refers to his first set of interrogatories, question 8, in which he asks that the defendant "identify all signatures on pages 32 to 38 of discovery paperwork provided by the plaintiff." Id. The plaintiff states that the defendant objected to this request as vague and ambiguous, and because the plaintiff had not provided anything resembling pages 32 to 38 of discovery paperwork so it it was impossible to respond to the request. Id. The plaintiff states that he sent his discovery materials on March 17, 2026, and requests the court's help in identifying Jane Does 1 and 2. Id.

The defendant responds that on July 29, 2026, the plaintiff served the same request on the defendant and for the first time, provided the referenced pages (presumably, pages 32-38). Dkt. No. 43 at 3. The defendant states that she responded to the plaintiff's request "with the names and identifications he sought, over a month before the responses were due." Id.

The plaintiff has not filed a reply. But on August 24, 2026, the court received from the plaintiff a motion for an extension of time to identify the Doe defendants and to respond to the defendant's motion for summary judgment on exhaustion grounds. Dkt. No. 44. He states that he sent two letters to opposing

counsel regarding the information he needs. Id. at 1. The plaintiff also says that he is "awaiting response for a request to help identify Jane Does 1-2[.]" Id. at 2.

The plaintiff's motion does not address the defendant's assertion that she provided him with "the names and identifications he sought." Presumably, those "names and identifications" include the names of Jane Does 1 and 2. The court does not know why the plaintiff has not notified the court of the names of the Doe defendants. On July 31, 2026, the court ordered that the plaintiff must identify the Doe defendants by August 21, 2026. Dkt. No. 38. Since then, the plaintiff has filed his motions for assistance in identifying the Doe defendants and for an extension of time to identify them. Based on the filings by both parties, the court does not believe that either the plaintiff or the defendant is trying to delay the case by not identifying the Doe defendants. To move this case forward and prevent further delays related to identifying the Doe defendants, the court will order *the defendant* to file with the court the names of Jane Does 1 and 2 and will set a deadline below for her to do so. See Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821-22 (7th Cir. 2009) (quoting Billman v. Ind. Dep't of Corr., 56 F.3d 785, 789-90 (7th Cir. 1995) (district court has duty to assist incarcerated individuals who may not be in a position to identify names of defendants)). Once the court has received the names of the Doe defendants, it will order substitution of the newly identified defendants for the Jane Doe 1 and 2 placeholders and will order service of the complaint on the new defendants. Based on the foregoing, the court will grant

the plaintiff's motions for assistance in identifying the Doe defendants, dkt. no. 42, and for extension of time to identify the Doe defendants, dkt. no. 44.

The plaintiff's motion for extension of time also included a request to extend the time to respond to the defendant's motion for summary judgment. Dkt. No. 44. On September 3, 2026, the court received the plaintiff's response to the defendant's motion for summary judgment and supporting documents. Dkt. Nos. 45-47. The court will deny as moot the plaintiff's motion as it relates to his response to the defendant's motion for summary judgment on exhaustion grounds.

## IV. Defendant's Motion for Summary Judgment on Exhaustion Grounds (Dkt. No. 25), Defendant's Motion to Stay Dispositive Motion Deadline (Dkt. No. 43) and Plaintiff's Motion to File Sur-Reply (Dkt. No. 51)

On June 15, 2026, the defendant filed a motion for summary judgment on exhaustion grounds. Dkt. No. 25. The defendant's motion is fully briefed. But because the Doe defendants still must be identified and served, the court will not resolve the defendant's motion for summary judgment at this time. The court prefers to address the exhaustion issue after all defendants have appared and had the opportunity to join in the motion.[1] The court will deny without prejudice the defendant's motion for summary judgment on exhaustion grounds. After the Doe defendants have been served and filed a responsive

[1] In her motion, the defendant contends that it would also apply to any other prospective defendants, such as the Doe defendants. Dkt. No. 26 at 10. But the defendant did not fully brief that argument, and the plaintiff did not have the opportunity to fully respond to such an argument.

pleading to the complaint, the court will set new case deadlines, including a new deadline for the defendants to file motions for summary judgment on exhaustion grounds.

On August 24, 2026, the defendant filed a motion to stay the dispositive motion deadline pending the court's ruling on the defendant's motion for summary judgment on exhaustion grounds. Dkt. No. 43. The deadline for the parties to file motions for summary judgment on the merits was September 18, 2026. Dkt. No. 15. Because the deadline has passed, the court will deny the defendant's motion as moot. As stated above, the court will set new case deadlines after the Doe defendants have been served and answered the complaint.

Finally, the plaintiff has filed a motion for leave to file a summary judgment sur-reply. Dkt. No. 51. Because the court has denied the defendant's motion for summary judgment without prejudice, it will deny the plaintiff's motion as moot.

## V. Conclusion

The court **DENIES WITHOUT PREJUDICE** the defendant's motion for summary judgment on exhaustion grounds. Dkt. No. 25.

The court **DENIES AS MOOT** the plaintiff's motion for leave to file oversized brief. Dkt. No. 40.

The court **DENIES** the plaintiff's motion to amend complaint. Dkt. No. 41.

The court **GRANTS** the plaintiff's motion for assistance identifying Doe defendants. Dkt. No. 42.

The court **ORDERS** that by the end of the day on **October 16, 2026**, the defendant must file with the court the names of defendants Jane Does 1-2. After those defendants have appeared and answered the complaint, the court will set new case deadlines for the defendants to file motions for summary judgment on exhaustion grounds, for the completion of discovery and for the parties to file motions for summary judgment on the merits.

The court **DENIES AS MOOT** the defendant's motion to stay dispositive motion deadline pending resolution of defendant's motion for summary judgment on exhaustion grounds. Dkt. No. 43.

The court **GRANTS** the plaintiff's motion for extension of time to identify Doe defendants. Dkt. No. 44.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time to respond to summary judgment. Dkt. No. 44.

The court **DENIES AS MOOT** the plaintiff's motion to file sur-reply. Dkt. No. 51.

Dated in Milwaukee, Wisconsin this 29th day of September, 2026.

**BY THE COURT:**



**HON. PAMELA PEPPER**
**Chief United States District Judge**